IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor,  Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL CASE NO. 3:22-cv-588-ECM |
| GLOBAL K9 PROTECTION GROUP, LLC, *et al.*,  Defendants. | ) (WO) ) ) ) ) ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is the Defendants Global K9 Protection Group, LLC ("K9") and Eric Hare's ("Hare") Motion to Dismiss (doc. 14) the Plaintiff Martin J. Walsh's ("Walsh") complaint (doc. 1). Walsh filed this action in his capacity as Secretary of Labor, seeking injunctive and monetary relief against K9 and Hare (collectively, "the Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"). The Defendants filed this motion to dismiss in response.

Walsh alleges that the Defendants violated the overtime and recordkeeping provisions of the FLSA. Walsh alleges that

> Since at least February of 2018, the Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce, or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

1

> Since at least February of 2018, the Defendants, subject to the provisions of the Act, willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. part 516, by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by the enterprise, as prescribed in the aforesaid Regulations.

(Doc. 1 at 3).

The Defendants moved to dismiss both counts. Although the Defendants did not invoke a Rule of Federal Civil Procedure for their motion, the Court will evaluate their motion under Rule 12(b)(6). Based on a review of the record, the applicable law, and for the reasons stated, the Defendants' motion to dismiss is due to be DENIED.

## II. JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 29 U.S.C. § 217 and 28 U.S.C. § 1345. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555–56. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## IV. DISCUSSION

The Defendants argue that Walsh's complaint makes conclusory allegations and is devoid of facts suggesting that the Defendants violated the overtime and recordkeeping provisions of the FLSA. In response, Walsh argues that the allegations in his complaint mirror those held sufficient by the Eleventh Circuit in *Secretary of Labor v. Labbe*, 319 Fed. App'x 761 (11th Cir. 2008). In *Labbe*, the plaintiff alleged that the defendant violated the FLSA "by failing to pay its employees applicable minimum wage and overtime and by failing to keep accurate employment records since June 16, 2002." *Id.* at 762. The Eleventh Circuit held that the complaint stated a claim because it identified a date from whence the defendant repeatedly violated the FLSA. *Id.* at 763. Specifically, the complaint alleged that the defendant failed "to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate

3

rates" and "keep the appropriate records . . . as required by law." *Id.* at 763–64. Although the plaintiff's "allegations [were] not overly detailed, [the Circuit found] that a claim for relief for failure to pay minimum wage, to provide overtime compensation, or to keep appropriate records under FLSA does not require more." *Id.* at 764. The Circuit reasoned that, "[u]nlike the complex antitrust scheme at issue in *Twombly* . . . , the requirements to state a claim of a FLSA violation are quite straightforward." *Id.* at 763.

The Defendants recognize that under the reasoning applied in *Labbe*, Walsh's complaint survives a motion to dismiss. However, they argue that *Labbe*, as an unpublished opinion, is not binding on this Court. Moreover, they argue that *Labbe* was implicitly overruled by *Iqbal*. Under this reasoning, the Defendants argue, courts within the Eleventh Circuit and elsewhere have enforced higher FLSA pleading standards than those contemplated in *Labbe*. *See, e.g.*, *Cooley v. HMR of Ala., Inc.*, 259 F. Supp. 3d 1312, 1319–1320 (N.D. Ala. 2017) ("[S]everal other circuit courts . . . have consistently required a plaintiff to plead facts demonstrating that he worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."); *Stafflinger v. RTD Constrs., Inc.*, 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015); *Bascomb v. Express Courier Int'l, Inc.*, 2018 WL 4854254, at *2 (N.D. Ala. Oct. 5, 2018).

This Court recognizes that *Labbe*, which was decided before *Iqbal*, is not binding precedent. *Id.* at 1318. However, courts within the Eleventh Circuit continue to apply *Labbe*'s reasoning. *See Houston v. JT Priv. Duty Home Care, LLC*, 2014 WL 4854528, at *4 (M.D. Fla. Sept. 29, 2023) ("Therefore, where a 'complaint alleges that since [a certain

4

date], [the defendant] repeatedly violated stated provisions of the FLSA by failing . . . to compensate employees who worked in excess of forty hours a week at the appropriate rates' the requisite pleading standard is satisfied."); *Ramos v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 3834962, at *2 (S.D. Fla. Sept. 4, 2012) ("There is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages.").

Significantly, this Court has continued to apply *Labbe*'s reasoning after *Iqbal* was decided. In *Johnson v. Titlemax of Alabama., Inc.*, 2013 WL 5954393 (M.D. Ala. Nov. 7, 2013), this Court addressed whether a plaintiff's proposed amended complaint pleaded a cause of action for FLSA overtime violations. *Id.* at *3. This Court found that the complaint sufficiently pleaded a claim. *Id.* The Court reasoned that, as stated in *Labbe*, a plaintiff need only show "a failure to pay overtime . . . to covered employees . . . in accordance with the [FLSA]." *Id.* (quoting *Labbe*, 319 Fed. App'x at 763).

Here, the Court finds that Walsh's complaint states a claim and survives a motion to dismiss. Notably, Walsh's complaint mirrors the complaint held sufficient in *Labbe*.[1] The Court declines to disregard *Labbe*'s reasoning, which is persuasive and which courts continue to follow. The Defendants' motion to dismiss is due to be denied.

---

[1] In their reply brief, the Defendants argue for the first time that Walsh's complaint fails to state a claim because it does not place them on notice as to how the Defendants violated the overtime provisions of the FLSA. However, under the reasoning discussed in *Labbe*, such allegations are not required.

5

## V. CONCLUSION

For the reasons discussed above, it is hereby

ORDERED that the Defendants' motion to dismiss (doc. 14) is DENIED.

Done this 14th day of April, 2023.

                        /s/ Emily C. Marks
                        EMILY C. MARKS
                        CHIEF UNITED STATES DISTRICT JUDGE